**John Franklin BERGIN, Petitioner-Appellant,**

v.

**Ellis C. MacDOUGALL, Respondent-Appellee.**

No. 66, Docket 34848.

United States Court of Appeals, Second Circuit.

Submitted Sept. 29, 1970.

Decided Oct. 21, 1970.

Louis I. Parley, West Hartford, Conn., for petitioner-appellant.

John D. LaBelle, State's Atty. for Connecticut (George D. Stoughton, Chief Asst. State's Atty., of counsel), for respondent-appellee.

Before DANAHER,* FRIENDLY and HAYS, Circuit Judges.

PER CURIAM:

On May 16, 1969, petitioner John Bergin entered a plea of guilty to charges of escape from a penal or correctional institution and was sentenced by the Superior Court for Hartford County to a term of one to five years. He now seeks, by means of federal habeas corpus, to vacate that conviction and to secure his release from prison on the ground that the State of Connecticut deprived him of his constitutional right to a speedy trial. Finding that Connecticut had not unreasonably delayed bringing Bergin to trial, the district court dismissed the petition.

We do not reach the merits of Bergin's constitutional argument. By pleading guilty to the state charge without rais-

* Senior Circuit Judge of the District of Columbia Circuit, sitting by designation.

ing the speedy trial claim, he effectively waived his right to raise the issue by collateral attack in a federal court. See McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Bergin makes no assertion that he was denied effective assistance of counsel at the time of his guilty plea. Nor can he contend that the facts constituting the supposed deprivation of his right to speedy trial were then unknown to him. A plea of guilty, entered at a time when a defendant assisted by counsel has reason to believe that the state's case is infected by constitutional infirmity, "is nothing less than a refusal to present his federal claims to the state court in the first instance—a choice by the defendant to take the benefits, if any, of a plea of guilty and then to pursue his [constitutional] claim in collateral proceedings," 397 U.S. at 768, 90 S.Ct. at 1447. If this is not permitted when the infirmity is an allegedly coerced confession, as in *Richardson*, asserted denial of the right to speedy trial would generally be an *a fortiori* case. However, we do not need to rely on that, since *Richardson* lays down a rule for application to all constitutional claims.

Affirmed.